**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
**----------------------------------------------------------------------X**
**LINA KAMAL ATTAL,**

**Plaintiff,**

**-against-**

**HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,**

**Defendant.**
**----------------------------------------------------------------------X**

**Index No.:**
**Date Purchased:**

**SUMMONS**

**Plaintiff designates Richmond County as the place of trial.**

**The basis of venue is:**
**PLACE OF OCCURRENCE**

**COUNTY OF RICHMOND**

**To the above-named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Forest Hills, New York
April 25, 2025

Yours, etc.

RICHARD GRANT, ESQ.
COHEN & COHEN PERSONAL INJURY LAWYERS, P.C.
Attorneys for Plaintiff
**LINA KAMAL ATTAL**
104-70 Queens Boulevard, Suite 312
Forest Hills, New York 11375
718-275-7779

TO:
**HOME DEPOT U.S.A., INC.**
c/o Secretary of State
Albany, New York

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**
**---------------------------------------------------------------------X**
**LINA KAMAL ATTAL,**

**Plaintiff,**

**-against-**

**HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,**

**Defendant.**
**---------------------------------------------------------------------X**

**Index No.:**
**Date Purchased:**

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **COHEN & COHEN PERSONAL INJURY LAWYERS, P.C.**, complaining of the Defendant, respectfully alleges, upon information and belief:

1. That the cause of action alleged herein arose in the County of Richmond, City and State of New York.

2. At all times mentioned herein, Plaintiff, **LINA KAMAL ATTAL,** was and still is a resident of the County of Richmond, City and State of New York.

3. Upon information and belief, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT** was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

4. Upon information and belief, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, was and still is, a foreign corporation, duly existing under and by virtue of the laws of a foreign State and authorized to do business within the State of New York.

5. That upon information and belief, and at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** was a partnership authorized to do business in the State of New York.

6. That upon information and belief, and at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** was a business entity transacting business in the State of New York.

7. That upon information and belief, and at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** was the lessee of the premises located at 2501 Forest Avenue, in the County of Richmond, City and State of New York, pursuant to a lease agreement.

8. That at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** operated a business, and more particularly a home improvement store open to the general public at the aforementioned premises located at 2501 Forest Avenue, in the County of Richmond, City and State of New York.

9. That at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** by its agents, servants and/or employees, managed the aforesaid business premises.

10. That upon information and belief, and at all times herein mentioned, the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** by its agents, servants and/or employees, operated the aforesaid business premises.

11. That at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** by its agents, servants and/or employees, controlled the aforesaid business premises.

12. That at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,** by its agents, servants and/or employees, maintained the aforesaid business premises.

13. Upon information and belief, and at all times herein mentioned, Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, repaired the aforesaid business premises.

14. At all times herein mentioned, on or about the 20th day of April, 2023, the Plaintiff, **LINA KAMAL ATTAL**, was a lawful patron shopping within the aforementioned business premises at the implied request and invitation of the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**.

15. That on or about the 20th day of April, 2023, while the Plaintiff, **LINA KAMAL ATTAL**, was lawfully shopping within the aforesaid business premises located at 2501 Forest Avenue, in the County of Richmond, City and Stat of New York, and using due care for her safety, suddenly and without any warning or notice, she was caused to slip/trip and fall and be violently precipitated to the ground, due to the negligence and carelessness of the Defendant, and/or its agents, servants and/or employees in causing, permitting and/or allowing metal and/or other obstacles and obstructions to be and remain upon the floor area within said business premises.

16. That the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, was negligent in allowing the floor area within the aforesaid business premises to be and remain for a long time, after actual and/or constructive notice, in an unsafe and dangerous condition, for patrons within said business premises in general and more particularly the Plaintiff, **LINA KAMAL ATTAL**.

17. That the Defendant was negligent in the maintenance, operation and control of the aforesaid business premises in failing to rectify the aforementioned dangerous and defective condition, in failing to warn Plaintiff of the aforesaid condition and in failing to give Plaintiff a safe passageway through its business premises after receiving due notice of the aforesaid condition by its agents, servants and/or employees.

18. That the Defendant was at all times under a duty to provide the Plaintiff with a safe place to walk and shop within said business premises.

19. That the aforesaid occurrence took place by reason of the gross negligence of the Defendant**, HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its respective agents, servants and/or employees, in the management, operation, maintenance, custody and control of the aforesaid business premises, in permitting and/or allowing metal and/or other obstacles and/or obstructions to be and remain on the floor area of said business premises; and in failing to provide adequate lighting in and around said area;

20. Upon information and belief, the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, had notice and knowledge of the aforesaid dangerous and defective condition existing upon the floor area within said business premises.

21. Upon information and belief, the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its respective agents, servants and/or employees, caused and created the subject dangerous and defective condition.

22. Upon information and belief, the aforesaid dangerous and defective condition had existed for a sufficient length of time prior to the Plaintiff's accident as alleged herein, and that in the exercise of reasonable care, the Defendant could and should have had knowledge and notice thereof.

23. The aforesaid occurrence took place by reason of the gross negligence of the Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, its respective agents, servants and/or employees, in the ownership, operation, management, maintenance, and control of the subject business, without any negligence on the part of the Plaintiff contributing thereto.

24. By reason of the foregoing, Plaintiff, **LINA KAMAL ATTAL**, was caused to sustain serious, severe, and permanent personal injuries, pain and suffering, and special damages.

25. That this action falls within one or more of the exemptions set forth in CPLR §1602.

26. That the damages sought against Defendant, **HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT**, are in an amount to be determined upon the trial of this action.

27. The damages sought in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

28. As a result of the foregoing, Plaintiff, **LINA KAMAL ATTAL**, has sustained damages both general and special damages, including punitive damages, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, **LINA KAMAL ATTAL**, has sustained injuries and damages both general/special damages and exemplary/punitive damages in a sum greater than the

jurisdictional limits of any lower court and as such, demand judgment on all causes of action stated herein against the Defendant.

Dated: Forest Hills, New York
April 25, 2025

Yours, etc.

RICHARD GRANT, ESQ.
COHEN & COHEN PERSONAL INJURY LAWYERS, P.C.
Attorneys for Plaintiff
**LINA KAMAL ATTAL**
104-70 Queens Boulevard, Suite 312
Forest Hills, New York 11375
718-275-7779

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF QUEENS )

I, RICHARD GRANT, ESQ., an attorney admitted to practice in the courts of New York State, Affirms:

I am an associate with the firm of **COHEN & COHEN PERSONAL INJURY LAWYERS, P.C.**, the attorneys of record for the Plaintiff(s) of the within action; I have read the foregoing **COMPLAINT** and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by the Plaintiff(s) is that the Plaintiff(s) is not currently in the county in which we maintain our office.

Dated: Forest Hills, New York
April 25, 2025

_______________________________
RICHARD GRANT, ESQ.